(No. 5429-)

GREAT AMERICAN INSURANCE COMPANY, A Corporation, as subrogee of RAYE AND COMPANY TRANSPORTS, INC., A Corporation, and RAYE AND COMPANY TRANSPORTS, INC., A Corporation, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 27, 1971.*

CLAUSEN, HIRSH, MILLER AND GORMAN, Attorneys for Claimants.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, for Respondent.

BURKS, J.

This is an action to recover a loss for damages to a tractor-trailer unit owned by claimant, Raye and Company Transports, Inc. Claimants allege that said

trailer unit was damaged when its top struck an overhead bridge that was apparently lower than the height of the trailer. Respondent is charged with negligence in its maintenance of the bridge or underpass and in its failure to warn the public, using the underpass, of the low clearance by appropriate signs along the approaches to the bridge or on the bridge structure itself.

The file in this case includes the respondent's answers to written interrogatories directed to it through former Attorney General William G. Clark who, prior to the expiration of his term of office on Janury 13, 1969, represented the respondent in this cause.

The sworn answers to claimants' interrogatories, signed by A. R. Tomlinson for the Division of Highways, admits that there was no sign on the bridge structure stating the clearance for vehicles using the underpass. This is apparent from photo exhibits presented by the claimants. It appears from the evidence submitted that such markings on the bridge structure itself would have provided additional protection to the claimants, but that such markings are not mandatory as are the warning signs in advance of the bridge.

Respondent's sworn statement does, however, contain the following answer to interrogatory #4 which tends to dispute claimants' contention that there were no adequate signs giving early warning of the bridge's low clearance on the date the claimant's trailer struck the bridge, November 24, 1965:

"There is a sign 200 feet west of the overpass along the right curb for eastbound traffic. There are three signs east of the overpass, the first is 100 feet east in the center island for westbound traffic, the second is 250 feet east of the overpass for westbound traffic along the right curb, and the third sign is 750 feet east of the overpass for westbound traffic along the right curb."

To a second part of the same question in the claimants' interrogatories, respondent stated that the above men-

tioned signs were erected on May 14, 1964, some eighteen months prior to the occurrence on which this cause of action is based.

Respondent presented no evidence at the hearing to prove that the said signs were still in place on November 24, 1965, the date of the accident.

The hearing on this cause of action was held in Chicago on June 25, 1969.

From the evidence introduced at this hearing, it appears that on November 24, 1965, the claimant, Raye and Company Transports, Inc., a corporation, was the owner of a tractor-trailer unit which was being operated by its driver, Dale R. Robinson, in a westerly direction on Illinois Highway 64 (which is also known as North Avenue in Chicago) and was passing under the Lake Street Bridge, a bridge running in a general northerly and southerly direction and crossing over the said Illinois Highway 64; that, while passing under the bridge, the trailer unit struck the west edge of the bridge damaging the trailer and the refrigeration unit attached to it.

The evidence confirmed that the cost of repairing said damaged trailer was $3,620.99. Of this amount, $500.00 was paid by the Raye and Company Transports, Inc., and the balance of $3,120.99 was paid by the Great American Insurance Company, the insurance carrier, which brings its claim as the subrogee of its insured, Raye and Company Transports, Inc.

John W. Powell, office manager and treasurer of the Raye and Company Transports, Inc., testified as to the sums expended to repair said trailer. Bills were admitted into evidence showing that the claimant, Great American Insurance Company, expended the sum of $3,120.99 and a $500.00 deductible was paid by claimant, Raye and Company Transports, Inc.

Dale R. Robinson testified that he was driving the tractor-trailer at the time of the accident. He stated that he proceeded under the bridge in question at a speed of approximately 25 miles per hour; that the authorized speed limit at that location is 40 miles per hour; that he was in the outside lane next to the curb; that his trailer struck the west sill of the bridge as he was coming out from under the bridge; that his trailer then became wedged under the bridge.

Mr. Robinson pointed out, on the photographs in evidence, the place where his trailer struck the bridge and the damage to the trailer. He said that the height span of his trailer was 13 feet 2 inches; and that no sign was posted prior to the bridge stating its clearance; that after the accident he went back and checked to see if there were any signs to advise the motoring public as to the height of the bridge and confirmed that there were no such signs.

Introduced into evidence was a State of Illinois *Manual of Uniform Traffic Control Devices for Streets and Highways*, published by the Department of Public Works and Buildings, Division of Highways, Springfield, Illinois, which sets forth the type of signs that are to be posted advising the public of the clearance height of such bridges. Mr. Robinson stated again that no such signs were posted.

It was stipulated by the parties that the signs in question, identified in the manual as W12-2 and W13-3, are mandatory in Illinois to advise motorists of clearances of underpasses that are less than 14 feet 6 inches in height.

Since no rebuttal testimony was offered on behalf of the respondent, the evidence presented at the hearing conclusively proves that the respondent was negligent in the maintenance of this bridge or underpass and in its failure to post markings and signs indicating the height of the bridge; and that respondent's negligence caused the

property damage complained of in this case. Claimant had a right to rely on the respondent to post and maintain the required warning signs and was not under a duty to stop and examine this bridge or underpass as it came to it. The record shows no evidence of contributory negligence on the part of the claimant herein.

Awards are hereby made as follows:

To Great American Insurance Company the amount of $3,120.99.

To Raye and Company Transports, Inc., the amount of $500.00.